

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2006

# Tse v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Tse v. Atty Gen USA" (2006). *2006 Decisions.* Paper 454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-2113

———

JEFFREY HAK WAI TSE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A29-512-476)
Immigration Judge: Hon. Charles M. Honeyman

———

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2006

Before: SLOVITER, WEIS and GARTH, Circuit Judges

(Filed September 15, 2006)

———

OPINION

SLOVITER, Circuit Judge.

Jeffrey Hak Wai Tse has filed a petition for review of a final order of removal of the Board of Immigration Appeals ("BIA"). In his brief, he argues that the proceedings before the Immigration Judge ("IJ") were fundamentally unfair and denied him due process because he was not represented by counsel at his removal hearing. He also argues that he can satisfy his burden under the Convention Against Torture ("CAT") if the case is remanded. We need not address those claims for the reasons set forth below.

## I.

## Facts and Procedural History

Tse, a native and citizen of China, was admitted to the United States in 1988 as a nonimmigrant visitor but subsequently adjusted his status to that of a lawful permanent resident in 1990. On May 6, 2003, he was convicted of racketeering and aiding and abetting attempted alien smuggling in violation of 18 U.S.C. §§ 1962(c) and 371, and sentenced to imprisonment for one year and one day.

On August 15, 2003, Tse was served with a Notice to Appear ("NTA") by the former Immigration and Naturalization Service. The NTA charged him with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an aggravated felony, as defined in INA §§ 101(a)(43)(N) (relating to alien smuggling) and 101(a)(43)(J) (relating to racketeering). Tse filed an application for withholding of removal alleging that because he cooperated with the United States government and testified against Chinese smugglers, he would be

2

tortured by the smugglers upon his return to China. He further alleged that the Chinese government would acquiesce, if not participate, in his punishment.

Tse appeared at his hearing on November 18, 2003, pro se. That hearing was postponed to give Tse the opportunity to find counsel. On January 21, 2004, the Government requested that the removal proceedings be administratively closed, based on a belief that Tse had been approved for an "S" visa because of his cooperation with authorities in several prosecutions. That hearing was recalendared for May 11, 2004 on the Government's motion when it learned that Tse had not yet been approved for an "S" visa. Tse's counsel moved to withdraw on May 7, 2004, stating that Tse advised counsel that he will be retaining new counsel for the remainder of the proceedings. Although the motion was granted on May 10, 2004, Tse appeared at his hearing the next day without counsel. At that time, Tse asked for an "adjournment" in order to determine the status of his "S" visa. The IJ denied this implicit motion to continue, found Tse removable as charged, and ordered him removed to China. The BIA affirmed the IJ's order. This timely petition for review followed.

## II.

### Discussion

After both parties filed briefs in this court, Tse sent a letter to the Clerk dated March 28, 2006 advising the court that he was granted an "S" visa on December 30, 2005 pursuant to INA § 101(a)(15)(S)(i), 8 U.S.C. § 1101(a)(15)(S)(i). He enclosed a copy of an order from Immigration and Customs Enforcement granting him the "S" visa together

3

with an I-94 that grants him admission for up to three years from the date of the notice (which was December 30, 2005). This court construed Tse's letter as a motion for stay of removal. The Government did not oppose, and accordingly we granted Tse's unopposed stay of removal.

On August 3, 2006, this court directed the parties to advise as to the status of Tse's application for an "S" visa and, if such a visa has been granted, to comment upon the effect of that grant upon the matters at issue in this appeal. Tse responded by letter dated August 7, 2006, once more enclosing a copy of an order from Immigration and Customs Enforcement granting him the "S" visa together with an I-94 and stating that he would now be able to successfully adjust his status to a lawful permanent resident (green card) on or about December 30, 2008.

The Government initially responded that "due to travel schedules of the relevant agency personnel . . . [it] has not yet determined the status of Mr. Tse's visa application," and requested an extension until August 24, 2006 to respond to the court's inquiry. On that day, the court received a supplemental response filed by the Government to this court's order stating, inter alia, that "[b]ecause the visa grant may necessitate further review and action by the Board of Immigration Appeals," it requested that we remove the case from the argument calendar to allow the Government's counsel to further consult with agency personnel regarding the appropriate course of action given the visa grant. The Government further stated that it takes no position at this time regarding Tse's request for remand. However, the following day the Government filed a motion to

4

remand to the BIA.

After consideration of the responses received from the parties, the court agrees with the parties that the most appropriate course of action for it to take is to grant what is now Tse's unopposed motion to remand to the Board of Immigration Appeals. Agency personnel will be in the position to present their view directly to the BIA regarding the appropriate course of action in light of the grant of the "S" visa.

## III.

### Conclusion

For the reasons set forth, we will grant Tse's petition for review and remand this matter to the Board of Immigration Appeals for appropriate action.